IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN C. ALEXANDER,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIDGERLAND TECHNICAL COLLEGE, and K. CHAD CAMPBELL,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:20-cv-0079-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

  This matter is before the court on Defendants Bridgerland Technical College and K. Chad Campbell's Motion to Dismiss Amended Complaint [ECF No. 27]. On January 27, 2021, the court held a hearing on the motion by Zoom videoconferencing due to the Covid-19 pandemic. At the hearing, Lincoln W. Hobbs represented Plaintiff and Christine Hashimoto and Alain Balmanno represented Defendants. The court took the motion under advisement. After carefully considering the memoranda filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

  Plaintiff Stephen Alexander worked at Bridgerland Technical College for over 32 years. His most recent title was School Psychologist. On January 18, 2019, Bridgerland's President K. Chad Campbell notified Alexander that his position of Counselor and School Psychologist was subject to a reduction-in-force and being eliminated on February 28, 2019. Alexander was told at that time that his position was being eliminated due to limited legislative appropriations and internal efficiency recommendations which had been given by the Utah Legislature. Campbell informed Alexander that his clinical duties would be outsourced and his ancillary duties would be

dispersed among several other individuals. Alexander was the only School Psychologist on staff at Bridgerland.

Alexander requested and was granted the ability to work through June 30, 2019, which he believed was the completion of his current contract. Campbell stated to Alexander that it may be possible for him to take early retirement instead of termination due to a reduction-in-force. Campbell offered to explore this option if Alexander did not seek legal counsel. In a second meeting on February 4, 2019, Campbell again offered that it may be possible for Alexander to elect early retirement so long as he did not involve attorneys.

At the close of the 2019 Utah Legislative Session in March 2019, it was announced that Bridgerland's overall budget was increased for the 2019 fiscal year. However, Bridgerland did not reconsider its reduction in force of Alexander's position.

On October 4, 2019, three months after Alexander left his employment with Bridgerland, Alexander sent a demand letter to Campbell alleging wrongful termination and discrimination. The letter fulfilled the Utah Governmental Immunity Act's notice requirement. The letter also requested that Bridgerland view it as a complaint of discrimination pursuant to Section 305.2 of Bridgerland's policies. Campbell did not respond to the letter, and Alexander brought the instant action in Utah state court. Defendants then removed the action to this court.

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants move to dismiss all five causes of action in Alexander's Amended Complaint. More specifically, Defendants argue that the court should dismiss: (1) the first cause of action for declaratory judgment because it is tied to all of his other causes of action which should be dismissed; (2) the contract related causes of action because Bridgerland did not plausibly breach

any of its policies which form the basis for the contract claims; (3) the federal constitutional claims because Bridgerland is not a person against whom federal constitutional claims can be brought; (4) the Utah constitutional claims because there is no plausible flagrant violation of Alexander's state constitutional rights; and (5) the interference with contract claim against Campbell because Alexander has not alleged any facts plausibly demonstrating that Campbell acted outside the scope of his employment.   The court will address Alexander's federal claims first.

### 1. Section 1983 Claim

Alexander's fourth cause of action asserts, in part, a claim against Bridgerland for alleged due process violations and deprivations of property rights under the United States Constitution.  A plaintiff may bring a claim for relief for violations of federal constitutional rights through 42 U.S.C. § 1983.  However, Bridgerland argues that it is not a "person" against whom federal constitutional claims can be brought.

Bridgerland asserts that it is an "arm of the state" and therefore not a "person" within the meaning of § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68-71 (1989); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).[1]  Bridgerland is part of the Utah System of Higher Education and is one of eight fully accredited technical colleges in the Utah System of Technical Colleges.  Utah Code Ann. § 53B-2a-105(1).  Utah's state universities, which are part of the Utah System of Higher Education have routinely been classified as arms of the state.  *See Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 575-76 (10th Cir. 1996)**.**

Alexander concedes that Bridgerland is an arm of the state and cannot be sued for damages under § 1983, but he contends that he can receive the equitable relief of reinstatement under the *Ex Parte Young* exception to § 1983.  *Ex Parte Young*, 209 U.S. 123, 159-60 (1908).   Alexander,

---

1 The *Will* "no person" defense is not waivable.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  Therefore, even though Defendants removed this case to federal court and may have waived an Eleventh Amendment immunity defense, the "no person" defense remains viable.

however, cannot bring a claim under § 1983 against an arm of the state for injunctive relief to redress a past harm.  The *Ex Parte Young* exception only applies to "prospective injunctive relief."  *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168-69 (10th Cir. 2015). "Determining whether a request for injunctive relief is prospective requires a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)).  If a plaintiff "is merely seeking to address alleged past harms rather than prevent prospective violations of federal law, we can only reasonably categorize such relief as retrospective."  *Id.*

Because Alexander's requested reinstatement of his previous position at Bridgerland is injunctive relief meant to address past harms, not prevent future violations of federal law, such relief is retrospective, not prospective.  Therefore, Alexander does not fit within the *Ex Parte Young* exception.  Accordingly, the court dismisses his § 1983 claim because Bridgerland, as an arm of the state, is not a person under Section 1983.

  **2.   Personal Capacity Claim**

A state official, such as Campbell, in his personal capacity, is a "person" under § 1983. However, Alexander does not appear to allege a personal capacity § 1983 action against Campbell. Alexander's Fourth Cause of Action for violation of protected property rights pursuant to the United States Constitution states in the heading that it is only against Bridgerland.  In Paragraph 71 of the Amended Complaint, however, Alexander states that "defendants"—in the plural—breached his rights by attempting to deprive him of the right to counsel and terminating him without cause in violation of the school's policies and procedures.  The use of the plural term "Defendants" indicates that Alexander may have intended to allege the claim against Campbell as

4

well as Bridgerland. However, the plural use of Defendants also indicates that Defendants acted together and, as such, Campbell was acting in his official capacity. Alexander appears to have referenced Campbell only in his official capacity for purposes of seeking prospective injunctive relief. Accordingly, there is no allegation of a § 1983 personal capacity suit against Campbell individually.[2]

      To the extent that Alexander's Amended Complaint could be construed to allege a personal capacity suit against Campbell individually, he has not alleged that Campbell violated a clearly established federal law when he discouraged Alexander from engaging counsel and offered him an early retirement in lieu of the reduction in force termination. There is no constitutional right to counsel in the civil context. And, Alexander's claim that Campbell could not offer an early retirement after he gave Alexander notice of the reduction of force only alleges that Campbell failed to follow Bridgerland's policies, not federal constitutional law. Moreover, Alexander's claim that Bridgerland, or Campbell specifically, improperly reduced the time for filing a grievance or discrimination claim from 180 days to 30 days, did not implicate due process rights because it did not preclude Alexander from filing a grievance. Alexander had five months to file a grievance after he received his termination notice and was terminated. During that time period, he challenged the date of termination and received an extension, proving that he had an opportunity to be heard. Alexander does not demonstrate how the alleged change in the timing to file a grievance affected him. Accordingly, even if the court construed Alexander's § 1983 cause of action to include a personal capacity suit against Campbell, the claim is not sufficiently alleged to withstand a motion to dismiss.

---

2  Alexander asserts a state law claim against Campbell for interference with contractual relations which is substantively distinct from a personal capacity action under § 1983.

### 3. Declaratory Judgment Claims

Alexander's first cause of action for declaratory judgment merely recites elements of Alexander's other causes of action. The declaratory judgment cause of action does not state an independent cause of action. "[T]he Declaratory Judgment Act 'does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction.'" *Devon Energy Production, L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (quoting *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996). "Rather than expand the jurisdiction of federal courts, the Act only expanded the range of remedies available in federal courts." *Woods v. City and County of Denver*, 62 Fed. Appx. 286, 289 (10th Cir. 2003) (citing *Skelly Oil Co. v. Philliips Petroleum Co.*, 339 U.S. 667, 671 (1950)). A court must determine "whether the court had an independent basis for jurisdiction which would empower it to enter a declaratory judgment." *Id.*

Alexander's Declaratory Judgment cause of action references his Fourth Cause of Action for federal due process violations by asking the court to declare that Campbell's actions in discouraging Alexander from seeking the advice of counsel, suggesting that Alenxander exchange his termination letter for a request for voluntary early retirement, and seeking to shorten the period of filing grievances against Bridgerland constitute flagrant violations of Alexander's rights under the federal constitution.

Alexander's Declaratory Judgment cause of action does not state an independent cause of action under federal law. And, because the court has dismissed Alexander's federal constitutional claims, there is no longer any federal question jurisdiction. Moreover, as discussed above, there is no federal constitutional right to counsel in this context, the early retirement issue concerns only Bridgerland policies, not constitutional rights, and Alexander has not alleged how the shortened

6

grievance period deprived him of his due process right to be heard in this case. Therefore, the portion of Alexander's declaratory judgment cause of action relating to federal constitutional rights lacks merit.   Accordingly, Alexander's declaratory judgment action does not provide federal jurisdiction.

### 4. Supplemental Jurisdiction

Alexander's federal constitutional claims provide the only basis for federal jurisdiction in this case.   Alexander's remaining state law claims are only before this court as a result of the court's supplemental jurisdiction.   Although some of Alexander's state law claims may tangentially reference a federal statute, such as the Older Worker's Benefit Protection Act or harassment based on age that could be a reference to the Age Discrimination in Employment Act, Alexander does not bring claims under these federal statutes and the federal issues do not predominate over the state claims to the extent necessary to provide federal jurisdiction over those claims.   *Madsen v. Prudential Fed. Sav. & Loan Assn.*, 635 F.2d 797, 800 (10th Cir. 1980) ("[T]he required federal right or immunity must be an essential element of the plaintiff's cause of action and the federal controversy must be disclosed upon the face of the complaint.").

The exercise of supplemental jurisdiction is discretionary and usually should not be exercised when the federal claims have been dismissed, especially when that dismissal is early in the litigation.   *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson*, 956 F.3d 1228, 1239 (10th Cir. 2020) (encouraging district courts to decline jurisdiction over state law claims when a court dismisses the federal claims early in a case).   In *VR Acquisitions, LLC v.*

*Wasatch County*, 853 F.3d 1142, 1149-50 (10th Cir. 2017), the Tenth Circuit reversed the district court's order dismissing state law claims with prejudice, concluding that "the district court should have simply declined to exercise supplemental jurisdiction over [plaintiff]'s state-law claims after it dismissed [plaintiff]'s federal claims."  *VR Acquisitions, LLC v. Wasatch County*, 853 F.3d 1142, 1149-50 (10th Cir. 2017); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (affirming district court's dismissal of federal claims, reversing grant of summary judgment on state-law claim, and remanding with instructions to dismiss state-law claim without prejudice). Because the court has dismissed Plaintiff's federal claims at this early stage of the litigation, the court declines to exercise jurisdiction over Plaintiff's remaining state law claims.

When a district court declines to exercise supplemental jurisdiction over a case removed from state court, the court can dismiss the state law claims without prejudice or remand them to state court.  *Id.* at 1238-39; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). The court, in its discretion, remands this case to state court.

### 5. Fees and Costs

Section 1988 provides that "[i]n any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the Court in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988.  A prevailing defendant may receive attorneys' fees and costs when "in the exercise of its discretion [the trial court] has found that the plaintiff's actions were frivolous, unreasonable, or without foundation," or if the plaintiff "continued to litigate after it clearly became so."  *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).  In exercising its discretion to award fees and costs, courts should "resist the understandable temptation to engage in *post hoc* reasoning by

concluding that, because a plaintiff did not ultimately prevail, his [or her] action must have been unreasonable or without foundation." *Id.* at 421.

In this case, Defendants prevailed on Alexander's § 1983 claim. The court, however, concludes that Alexander's case was not unreasonable, frivolous, groundless, or brought for vexatious reasons. The award of fees and costs against a plaintiff should be reserved for the most egregious cases, and the court concludes that this case does not rise to such level. Accordingly, the court will not entertain a motion for fees and costs from Defendants.

## CONCLUSION

Based on the above reasoning, Defendants' Motion to Dismiss Amended Complaint [ECF No. 27] is GRANTED as to Alexander's federal claims. The court declines to exercise supplemental jurisdiction over Alexander's remaining state law claims and remands the action to the First Judicial District Court, in and for Cache County, State of Utah, Case Number 200100174. Pursuant to 42 U.S.C. § 1447(c), the Clerk of Court shall mail a certified copy of this order to the clerk of said state court. The Clerk of Court is further directed to close this case. Each party shall bear his and its own fees and costs.

DATED this 24th day of February, 2021.

BY THE COURT

DALE A. KIMBALL
United States District Judge